CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 2 7 2010
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CLYDE NOPHLIN, ) | |
|     Petitioner, ) | Civil Action No. 7:10cv00018 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| LARRY W. JARVIS, ) | By: Samuel G. Wilson |
|     Respondent. ) | United States District Judge |

This matter is before the court on petitioner Clyde Nophlin's petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in which he alleges that the Virginia Department of Corrections ("VDOC") has incorrectly calculated his anticipated release date.[1] Respondent filed a motion to dismiss with an affidavit, which the court construes as a motion for summary judgment, arguing that Nophlin's petition is untimely filed, is procedurally barred, and fails on its merits. For the reasons stated herein, the court denies respondent's motion for summary judgment and sets this matter for an evidentiary hearing.

I.

Respondent argues that Nophlin's petition is untimely. In support of his argument, respondent states that "more than one year passed following the date on which the factual predicate of his claim could have been discovered through the exercise of due diligence before [Nophlin] even filed his state court habeas petition." However, despite being given three opportunities to respond to Nophlin's petition, respondent does not state the date on which the factual predicate of Nophlin's

---

[1] On October 19, 2000, Nophlin was taken into custody and housed at New River Regional Jail. Four days later, he was transferred to Bristol City Jail. On December 6, 2000, the Wythe General District Court convicted Nophlin of driving under the influence and sentenced him to 6 months incarceration (a misdemeanor GCA sentence). On June 13, 2001, the Wythe Circuit Court convicted Nophlin of attempted wounding-bodily injury to a law enforcement officer and sentenced him to an active term of 4 years incarceration (a parole ineligible ESC sentence). On September 17, 2001, the Bristol Circuit Court convicted Nophlin of aggravated malicious wounding and two counts of using a firearm in the commission of a felony and sentenced him to a total active term of 10 years incarceration (all parole ineligible ESC sentences). On January 24, 2002, Nophlin was transferred to a VDOC facility and has remained in a VDOC facility to this day. In his habeas petition, Nophlin argues that the VDOC has incorrectly calculated his anticipated release date and believes that the VDOC may have factored his DUI conviction into the calculation twice.

claim could have been discovered through the exercise of due diligence. Nor can the court determine this date on its own. Accordingly, on the record currently before it, the court cannot find that Nophlin's petition is untimely filed.

**II.**

Respondent argues that Nophlin's petition is procedurally barred. In support of his argument, respondent states that Nophlin's claim has been "previously adjudicated on the merits in state court proceedings" and, thus, this court should not grant any relief with respect to Nophlin's claim "unless the state court decision was contrary to a clearly established Supreme Court decision, or based on an unreasonable determination of the facts." Nophlin raised his instant habeas claim in the Supreme Court of Virginia, which dismissed his petition summarily, finding that it "was not timely filed." Respondent argues that the state court's decision was not contrary to clearly established federal law and was not based on an unreasonable determination of the facts. However, the court cannot determine whether the state court's adjudication was based on an unreasonable determination of the facts, because the court does not know the date from which the Supreme Court of Virginia ran the statute of limitations. Respondent again provides no guidance on this issue.

**III.**

Respondent argues that Nophlin's petition lacks merit. In support of his argument, respondent provides an affidavit from Wendy K. Brown, the Manager with the Court and Legal Services for the VDOC. Ms. Brown's affidavit states that, to the best of her knowledge, "Nophlin's sentences have been calculated in accordance with applicable Virginia statutes and VDOC time computation practices." In support, Ms. Brown indicates that Nophlin spent a total of 462 days in local and regional jails before being transferred to a VDOC facility. She states that an inmate

serving time in a local or regional facility earns good conduct credit at a rate of 15 days for every 30 days served on a GCA sentence (like Nophlin's misdemeanor DUI conviction) or 2.25 days for every 30 days served on a parole ineligible ESC sentence (like Nophlin's felony convictions). Therefore, it appears to the court that Nophlin earned 15 days credit for every 30 days he served on his misdemeanor DUI conviction and that he earned 2.25 days credit for every 30 days he served on his felony convictions while he still remained at the local jail. Ms. Brown also states that once Nophlin became a "state responsible inmate" and was transferred to a VDOC facility, he earned credit at a maximum rate of 4.5 days for every 30 days served. It appears to the court that Nophlin began earning credit at this rate on January 24, 2002. However, when considering these numbers and rates, the court cannot reach Ms. Brown's conclusion that Nophlin's "anticipated good time release date is April 3, 2013." The court notes that it also cannot reach Nophlin's own calculated release date but it appears that Nophlin is not serving the 6-month sentence twice, as he claims. Nevertheless, the court cannot determine that the VDOC has correctly calculated Nophlin's anticipated release date. Accordingly, on the record currently before it, the court cannot find that Nophlin's claim fails on its merits.

## IV.

For the reasons stated herein, the court denies respondent's motion for summary judgment and directs that this matter be set for an evidentiary hearing.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the parties.

**ENTER:** This September 27, 2010.

United States District Judge